**EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD C. FLORY,<br><br>Plaintiff,<br><br>v.<br><br>DONALD CLAUSSEN, et al,<br><br>Defendants. | NO. C06-1046-RSL-JPD<br><br>DECLARATION OF DEVON SCHRUM |

I, DEVON SCHRUM, make the following declaration:

1. I have knowledge of the facts herein, am over eighteen years of age, and am competent to testify to such facts. I am not a party to this lawsuit.

2. I am the Grievance Program Manager in the Office of Correctional Operations, Washington State Department of Corrections (DOC), located in Tumwater, Washington. My official duties include responding to questions regarding the inmate grievance program statewide, reviewing grievances appealed to Level III and reporting to courts and DOC officials on the status of the grievance program. I have held this position since April 2006.

3. The Washington Offender Grievance Program (OGP) has been in existence since the early 1980s and was implemented on a department-wide basis in 1985.

4. Under the OGP, inmates may file grievances on a wide range of issues relating to their incarceration. For example, inmates may file grievances challenging: 1) DOC institution policies, rules and procedures; 2) the application of such policies, rules and

DECLARATION OF DEVON SCHRUM
NO. C06-1046-RSL-JPD

1

ATTORNEY GENERAL OF WASHINGTON
Criminal Justice Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

procedures; 3) the lack of policies, rules or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions. An offender may not file a grievance challenging: 1) state or federal law; 2) court actions and decisions; 3) Indeterminate Sentence Review Board actions and decisions; 4) administrative segregation placement or retention; 5) classification/unit team decisions; 6) transfers; and 7) disciplinary actions.

5. Under the OGP, a wide range of remedies are available to inmates. These remedies include: 1) restitution of property or funds; 2) correction of records; 3) administrative actions; 4) agreement by department officials to remedy an objectionable condition within a reasonable time; and 5) a change in a local or department policy or procedure.

6. The grievance procedure consists of four levels of review:

Level 0 - Complaint or informal level. The grievance coordinator at the prison receives a written complaint from an offender on an issue about which the offender wishes to pursue a formal grievance. At this complaint level, the grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance. Routine and emergency complaints accepted as formal grievances begin at Level I, complaints alleging staff misconduct are initiated at Level II.

Level I - Grievances against policy, procedure, or other offenders, and grievances processed as emergencies. The local grievance coordinator is the respondent at this level.

Level II - Appeal. Inmates may appeal Level I grievances to Level II. Staff conduct grievances are initiated at this level. All appeals and initial grievances received at Level II are investigated and the prison superintendent is the respondent. Emergency grievances can only be appealed to Level II.

DECLARATION OF DEVON SCHRUM
NO. C06-1046-RSL-JPD

2

ATTORNEY GENERAL OF WASHINGTON
Criminal Justice Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1       <u>Level III</u> - Appeal. Inmates may appeal all Level II responses except emergency
2   grievances to Department headquarters in Tumwater, where they are re-investigated.
3   Administrators are the respondents.
4       7.    The DOC's grievance system is well known to inmates. Currently, over 20,000
5   grievances are filed per year system wide.
6       8.    Donald Flory, DOC #290500, is a DOC inmate currently incarcerated at the
7   Monroe Corrections Center (MCC) in the Washington State Reformatory (WSR). It is my
8   understanding that Mr. Flory's lawsuit concerns allegations that he was denied due process at
9   an infraction hearing where he was accused of punching the time clock for another inmate and
10  that he lost his job because of that infraction.
11      9.    I have reviewed DOC's official grievance records concerning Mr. Flory. Mr.
12  Flory has not submitted a grievance regarding the hearing or the loss of his job since December
13  1, 2004, when he was infracted. Therefore, Mr. Flory did not exercise is available institutional
14  remedies.
15      I declare under the penalty of perjury that the foregoing is true and correct to the best of
16  my knowledge.
17      EXECUTED this  20  day of September, 2006, at Tumwater, Washington.

                                    _____
                                      DEVON SCHRUM